inute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 2785 | **DATE** | 6/30/2003 |
| **CASE TITLE** | Mountain Funding Inc. vs. Frontier Insurance Co. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: the Court denies defendant Frontier Insurance Company's Motion to Reconsider this Court's Lifting its Stay of Proceedings [27-1]. Status hearing set for 7/16/03 at 9:30a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | JUL 01 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 42 |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| TBK | courtroom deputy's initials | 03 JUN 30 PM 3:36 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MOUNTAIN FUNDING, INC., )
a New Jersey Corporation, )
 )
    Plaintiff, )
 )
v. ) Judge Ronald A. Guzmán
 )
FRONTIER INSURANCE COMPANY, ) 01 C 2785
 )
    Defendant. )

**DOCKETED**
JUL 1 2003

## MEMORANDUM OPINION AND ORDER

Pending is defendant Frontier Insurance Company's ("Frontier") motion to reconsider this Court's Order Lifting the Stay of Proceedings against Frontier. For the reasons set forth below the motion is denied.

## BACKGROUND FACTS

This lawsuit arises from Frontier's alleged failure to pay on a bond on which Frontier is the surety. On May 4, 1999, Frontier issued a land acquisition bond in the maximum sum of $5,000,000 with United Homes, Inc. as principal and United Round Lake Land Developer, L.L.C. as obligee. On that date, plaintiff Mountain Funding, Inc. ("MFI") was added as an additional obligee pursuant to a rider. On September 29, 1999, Frontier was notified that an event of default had occurred under the contract and MFI made a claim under the bond. On November 29, 2000, after receiving no compensation from Frontier, MFI filed suit in the Superior Court of New Jersey. Frontier then removed this case to federal court and subsequently succeeded in transferring venue to the Northern District of Illinois.

On August 25, 2001, the Superintendent of Insurance of the State of New York filed a rehabilitation proceeding against Frontier in the Supreme Court of New York. On October 25, 2001, the Supreme Court of New York entered an Order of Rehabilitation authorizing the Superintendent of Insurance for the State of New York to take immediate possession of Frontier's property for the purpose of conducting Frontier's business, settling claims, and removing the causes and conditions making rehabilitation necessary. This order contained open-ended provisions restraining any person from commencing or prosecuting lawsuits or proceedings against Frontier. Pursuant to such Order, Frontier filed a Motion to Stay Proceedings in this Court for a period of six-months with the hope of clarifying Frontier's status in the New York Rehabilitation Proceeding. On November 13, 2001, this Court granted the Motion. After a six-month stay, this Court accepted briefs and heard arguments on the issue of continuing the stay indefinitely. On May 15, 2002, this Court lifted the Stay of Proceedings and permitted discovery to proceed. On September 11, 2002, after the completion of discovery, MFI moved for summary judgment, and Frontier then filed a Motion to Reconsider this Court's May 15, 2002 Order lifting the Stay of Proceedings.

## DISCUSSION

District court opinions "are not intended as mere first drafts, subject to revisions and reconsideration as a litigant's pleasure." *Quaker Alloy Casting Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 (N.D. Ill. 1988). In a narrow set of circumstances, a motion for reconsideration may be brought under either Federal Rule of Civil Procedure ("Rule") 59(e) or 60(b). *See* FED. R. CIV. P. 59(e), 60(b). All motions to reconsider filed within ten days of the entry of judgment

are treated as Rule 59(e) motions. *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995). All motions to reconsider which are served more than ten days after judgment are treated as Rule 60(b). *Id.*

Because defendant filed its motion to reconsider more than ten days after the Court's ruling, the motion must be considered a Rule 60(b) motion. Pursuant to Rule 60(b), a court may allow reconsideration of a final judgment, order, or proceeding for the following reasons: (1) inadvertence, mistake, surprise, excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct of the opposing party; (4) the judgment is void; (5) satisfaction, release or discharge of the judgment or reversal or vacating of a prior judgment upon which the judgment was based; or (6) any other justifiable reason. FED. R. CIV. P. 60(b). Rule 60(b) is designed to provide relief from judgment "in exceptional circumstances"- such as excusable neglect or manifest injustice - necessitating an "extraordinary remedy." *Cincinnati Ins. Co. v. Flanders Elec. Motor Serv., Inc.*, 131 F.3d 625, 628 (7th Cir. 1997).

Frontier does not point to any defects of the Court's ruling that fit within the narrow confines of Rule 60(b). Instead, Frontier reasserts abstention arguments originally considered by this Court in its ruling to lift the stay of proceedings, with the additions of an argument based on the Constitution's full faith and credit clause and an argument based on the McCarran-Ferguson Act. Neither of the new arguments brought forth by the defendant warrant reconsideration of the prior ruling to lift the stay of proceedings under Rule 60(b). They do not rely on any of the enumerated circumstances listed under that rule.

Abstention principles, however, concern the jurisdiction of the court, an issue that can be raised and revisited at any time during a proceeding. *Lackawanna Refuse Removal, Inc. v.*

*Proctor & Gamble Paper Prods. Co.*, 86 F.R.D. 330, 331 (M.D. Pa. 1979). There is no dispute that this Court has subject matter jurisdiction over the claims, as the parties are of diverse citizenship and the amount in controversy exceeds the threshold amount of $75,000. The dispute arises concerning the application of the abstention doctrine to the claim at hand. Although abstention under *Burford* has been considered, in order to iterate that the Court, indeed, is properly exercising its jurisdiction in this case, the rationale for its doing so is fully explained in this opinion along with the alternative abstention arguments.

Jurisdiction, if properly conferred, is meant to be exercised. *Prop. & Cas. Ins. Ltd. v. Cent. Nat'l Ins. Co. of Omaha*, 936 F.2d 319, 320-21 (7th Cir. 1991). Federal courts lack the authority to abstain from the exercise of jurisdiction that has been conferred; Congress defines the scope of federal jurisdiction, not the judiciary. *New Orleans Pub. Serv., Inc. v. Council of New Orleans*, 491 U.S. 350, 358-59 (1989). Courts do maintain limited discretion in exercising jurisdiction grounded in the common-law background against which jurisdictional statutes were enacted – including the principle of abstention. *Id.* This discretion is carefully defined though as abstention remains the exception, not the rule. *Hawaii Hous. Auth. v. Midkiff*, 467 U.S. 229, 236 (1984). "There is little or no discretion . . . to abstain in a case that does not meet traditional abstention requirements, and that determination is a question of law." *Prop. & Cas. Ins. Ltd.*, 936 F.2d at 321.

Here, three abstention arguments have been offered by Frontier under the doctrines found in *Younger v. Harris*, 401 U.S. 37 (1971); *Colorado River Conservation Dist. v. United States*, 424 U.S. 800 (1976); and *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943). Mainly due to the closeness of fit, "*Burford* has become the doctrine of choice in analyzing whether to abstain in

favor of state insurance liquidation and rehabilitation proceedings." *Prop. & Cas. Ins. Ltd.*, 936 F.2d at 321; *General Ry. Signal Co. v. Corcoran*, 921 F.2d 700, 708 (7th Cir. 1991). Thus, this discussion will begin with a consideration of *Younger* and *Colorado River*, and after finding both clearly inapplicable; *Burford* will be examined and also found inapplicable.

**I. *Younger* Abstention**

The abstention principle announced in *Younger v. Harris*, 401 U.S. 37 (1971), was originally applied to duplicative criminal proceedings, but has been extended to civil proceedings. *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 604 (1975). This is based on a desire not to interfere with a state's sovereign functions. *Bd. of Educ. of Valley View Cmty. Unit Sch. Dist. No. 365U v. Bosworth*, 713 F.2d 1316, 1320 (7th Cir. 1983). Since the regulation of insurance has been deemed a state matter, the doctrine has been applied to a limited number of insurance cases. *Metro. Life Ins. Co. v. Bd. of Dirs. of Wisconsin Ins. Sec. Fund*, 572 F. Supp. 460, 467 (W.D. Wis. 1983). *Younger* has been applied when the plaintiff has initiated suit in federal court once a state court proceeding has begun. *Kendall-Jackson Winery, Ltd. v. Branson*, 82 F. Supp. 2d 844, 853-59 (N.D. Ill. 2000) (discussing cases involving *Younger* abstention). MFI did not initiate this suit in federal court, rather MFI initiated this suit for monetary damages in state court and it was removed to federal court by the defendant Frontier. As such, *Younger* abstention is inappropriate in this case.

## II. *Colorado River* Abstention

Under *Colorado River*, abstention is appropriate when considerations of "wise judicial administration giving regard to conservation of judicial resources and comprehensive disposition of litigation", *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952), require abstention in the face of a federal court's "heavy obligation to exercise jurisdiction", *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). Therefore, this Court's task in determining whether abstention is appropriate is "not to find some substantial reason for the exercise of federal jurisdiction by the district court, ... [but] rather ... to ascertain whether there exist 'exceptional' circumstances, the 'clearest of justifications,' that can suffice under *Colorado River* to justify the surrender of that jurisdiction." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25-26 (1983).

The threshold question in determining the applicability of *Colorado River* abstention is whether parallel proceedings exist in both state and federal court. *AAR Int'l, Inc. v. Nimelias Enters. S.A.*, 250 F.3d 510, 518 (7th Cir. 2001). Suits are parallel if "substantially the same parties are litigating substantially the same issues simultaneously in two fora." *Id.* (citing *Schneider Nat'l Carriers, Inc. v. Carr*, 903 F.2d 1154, 1156 (7th Cir. 1990)). MFI is neither listed as a party in the rehabilitation proceeding nor has MFI provided any evidence to demonstrate that the instant dispute is being litigated in the rehabilitation proceeding. MFI is attempting to collect on a bond agreement, a contract dispute, and the rehabilitation proceeding concerns the insurance agreements of Frontier. It is improper to abstain under *Colorado River* if there is a substantial doubt that the parallel litigation will provide complete resolution of the issues between the parties. *Id.* at 520; *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 28. Any doubt

6

regarding the parallel nature of the competing suits should be resolved in favor of exercising jurisdiction, *see Allen v. Board of Education, Unified School District 436*, 68 F.3d 401, 403 (10th Cir. 1995), and, as such, abstention under *Colorado River* is inappropriate in this case.

### III. *Burford* Abstention

As previously stated, *Burford* has become "the doctrine of choice in analyzing whether to abstain in favor of state insurance liquidation and rehabilitation proceedings." *Prop. & Cas. Ins. Ltd.*, 936 F.2d at 321. In *Burford*, the Texas legislature created a complex administrative scheme for resolving issues with local oil well drilling. *Burford v. Sun Oil Co.*, 319 U.S. 315, 325-27 (1943). All review of orders of the administration were concentrated in a designated state court with "specialized knowledge" of the regulations and oil industry. *Id.* at 327. If all state courts had jurisdiction over the matters, conflicting decisions may result due to differing knowledge of the field, thus review was limited to one court. *Id.* In *Burford*, the Supreme Court determined that review in the federal courts would create intolerable confusion, delay, and misunderstanding of local law and policy. *Id.* at 327.

Subsequent cases, relying on *Burford*, have found two circumstances when abstention is appropriate. *Hartford Cas. Ins. Co. v. Borg-Warner Corp.*, 913 F.2d 419, 425 (7th Cir. 1990). First, courts should abstain from deciding "difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the present case." *Id.* Second, courts should abstain from deciding cases where the review would be "disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern." *Id.* If there is a difficult state law question bearing on public policy or if a

7

federal decision would be disruptive of state proceedings, abstention by the federal court is appropriate.

This case concerns the interpretation of a bond, standard contract law under the laws of New York. Neither Frontier nor MFI argues that this area of law is unsettled, and thus no difficult question of state law is involved in this decision. The first situation warranting *Burford* abstention is not present in this case. As such, the only type of *Burford* abstention that may be appropriate is the second - where federal review would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern.

The Seventh Circuit has named two essential elements of *Burford* abstention, which are prerequisites to abstention, not merely factors to be considered in the second type of abstention. *Prop. & Cas. Ins. Ltd.*, 936 F.2d at 323 (emphasis added). First, the state must offer some forum in which claims may be litigated (here the New York rehabilitation proceedings). *Id.* Second, that forum must be "special – it must stand in a special relationship of technical oversight or concentrated review to the evaluation of those claims." *Id.* This determination requires a "very careful and fact-specific inquiry" to determine the existence of such a forum. *Id.* at 326 n.13.

Past Seventh Circuit cases have made clear is that there is no bright line test for abstention in all cases where the defendant insurer is in rehabilitation or liquidation under a state regulatory scheme. *See Prop. & Cas. Ins. Ltd.*, 936 F.2d at 323-26; *Hartford Cas. Ins. Co.*, 913 F.2d at 425-27; *Rewerts v. Reliance Ins. Co.*, 170 F. Supp. 2d 847, 850 (N.D. Ill. 2001). There is a broad range of what rehabilitation proceedings may entail – everything from a simple change of management to a merger with another, more stable insurer to a specialized claims proceeding for the purpose of uniform claim resolution. *See Prop. & Cas. Ins. Ltd.*, 936 F.2d at 324. Under

New York law, such varying types of rehabilitation proceedings are possible and up to the discretion of the rehabilitator. *See* N.Y. INS. LAW §§ 7403, 7404, 7409 (McKinney 2000). Not all possible types of proceedings warrant abstention under *Burford*, only those where a special litigation forum has been established and is in the process of uniformly resolving all claims against the insurer. *Prop. & Cas. Ins. Ltd.*, 936 F.2d at 324.

It must be remembered that abstention is the exception to the norm of federal courts exercising their jurisdiction as conferred by Congress. *Id.* at 321. As such, in this case little information about the pending rehabilitation proceedings has been offered by the moving party, Frontier. There is an absence of information concerning the nature of the proceedings, what types of claims are being litigated, and a schedule for the completion of rehabilitation. On a motion to reconsider, the moving party must offer a legal basis for its motion, not simply recycle the same arguments previously presented. *Quaker Alloy Casting Co. v. Gulfco Indus.*, 123 F.R.D. 282, 288 (N.D. Ill. 1983). Absent these details concerning the rehabilitation proceedings, this Court is not able to find that a sufficient specialized forum conducting concentrated review of disputes such as the instant one exists to warrant abstention under *Burford*. Frontier has not brought forth any information meeting their burden specified in Federal Rule of Civil Procedure 60(b) to warrant the granting of their Motion to Reconsider this Court's Lifting its Stay of Proceedings in this case.

## CONCLUSION

For the above reasons, the Court denies defendant Frontier Insurance Company's Motion to Reconsider this Court's Lifting its Stay of Proceedings [doc. no. 27-1].

**SO ORDERED**  ENTER:  6/30/03

*Ronald A. Guzman*
**HON. RONALD A. GUZMAN**
**United States Judge**