# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 2785 | **DATE** | 9/18/2003 |
| **CASE TITLE** | MOUNTAIN FUNDING, INC. vs. FRONTIER INSURANCE COMPANY | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: The Court denies plaintiff's motion for summary judgment [#24-1].

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | SEP 19 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | CG courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MOUNTAIN FUNDING, INC., a New Jersey Corporation, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Judge Ronald A. Guzmán<br>) |
| FRONTIER INSURANCE COMPANY, | ) 01 C 2785<br>) |
| Defendant. | ) |

**DOCKETED**
**SEP 1 9 2003**

## MEMORANDUM OPINION AND ORDER

Pending is plaintiff Mountain Funding, Inc.'s Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure ("Rule") 56(c) as to all claims. For the following reasons, the Court denies plaintiff's motion for summary judgment.

### FACTS[1]

In September 1997, Mountain Funding, Inc. ("Mountain Funding") provided $3.8 million in subordinated financing to United Round Lake Land Development LLC ("Round Lake") for the development of the Brooks Farm subdivision in Lake County, Illinois. Round Lake purchased the land upon which the homes were to be developed, was to divide the land into individual lots, and sell the lots to United Homes, Inc. ("United Homes"). In February 1999, Round Lake was in default of its obligation to Mountain Funding.

In lieu of foreclosure, Mountain Funding and Round Lake agreed to a 'workout'

---

[1] Unless noted, the following facts are either undisputed or deemed admitted due to the nonmovant's failure to comply with Local Rule 56.1, a rule which this Court strictly enforces.

and restructuring of the loan agreement. In order to facilitate the workout, Round Lake and United Homes agreed to a purchase schedule for the lots in question with fixed prices and a set timetable. This fixed schedule better ensured United Homes' timely purchase of the lots owned by Round Lake and the subsequent ability of Round Lake to fulfill its obligations to Mountain Funding.

An additional condition of the workout was that United Homes was required to procure a land acquisition bond in order to bond its obligations to purchase the parcels of land in the subdivision. The land acquisition bond ("bond") was procured on May 4, 1999 through Frontier Insurance Company ("Frontier"). The principal obligation under the bond was the February 1999 Lot Purchase Agreement between United Homes and Round Lake. United Homes was the principal of the bond, with Frontier as surety - securing United Homes' obligation. Round Lake and Mountain Funding were both named as obligees of the bond.

When the bond was issued, Frontier was aware that there was an outstanding loan between Mountain Funding and Round Lake with an outstanding balance of $5,000,000, but did not request the loan agreement. Frontier was unaware that Round Lake was in default to Mountain Funding on the existing loan when it issued the bond in question. This information was never requested by Frontier in the process of evaluating the bond in question. Additionally, Frontier was aware that David Feltman, an attorney, held positions at both Round Lake and United Homes during the time the bond was issued. Frontier was aware that Round Lake and United Homes were related entities. The parties disagree as to whether the information concerning the default and relatedness of the entities would have made a difference in Frontier's decision to issue the bond in question.

In September 1999, United Homes defaulted under the Lot Purchase Agreement that had been secured by the bond issued by Frontier. In September 1999, February 2000, March 2000, and July 2000 Mountain Funding notified Frontier of the default and sent Frontier its claim under the bond. In August 2000, Frontier acknowledged the receipt of Mountain Funding's previous demands, but Frontier stated that no evidentiary material had been received, and it could not make a claim decision. Frontier has never paid Mountain Funding any amount of money under the bond.

As a result of the default by United Homes and inaction by Frontier, Round Lake sold the remaining parcels of land (some lots covered by the 1999 Lot Purchase Agreement and other additional lots not covered by that agreement) to Remington Homes and Cambridge Homes. An affiliate of Mountain Funding, Round Mountain LLC, was formed and became a member of Round Lake to oversee the winding down of the entity, including the sale of lots in the Brooks Farm subdivision. The total purchase price for the lots is in dispute; as is the amount of damages sustained by Mountain Funding as a result of United Homes' default under the Lot Purchase Agreement.

## DISCUSSION

Pursuant to Federal Rule of Civil Procedure 56(c), the court shall grant summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). When considering the evidence submitted by the parties, the court does not weigh it or determine the truth of the matters asserted. *Anderson v. Liberty Lobby,*

3

*Inc.*, 477 U.S. 242, 249 (1986). In deciding a motion for summary judgment, all facts must be viewed and all reasonable inferences drawn in the light most favorable to the non-moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158 (1970); *Shank v. William R. Hague, Inc.*, 192 F.3d 675, 683 (7th Cir. 1999). On a motion for summary judgment, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255. In response to "a properly supported motion for summary judgment," the nonmovant "must set forth specific facts showing that there is a genuine issue for trial." *Id.* at 250 (internal quotations omitted). If a reasonable jury could find for the party opposing the motion, summary judgment may not be granted. *Hedberg v. Ind. Bell Tel. Co., Inc.*, 47 F.3d 928, 931 (7th Cir. 1995).

Although the moving party has the initial burden to show that the record presents no genuine issue of material fact, if the nonmovant bears the ultimate burden of proof, "he must then go beyond the pleadings and affirmatively demonstrate a genuine issue of material fact for trial." *Essex v. United Parcel Serv., Inc.*, 111 F.3d 1304, 1308 (7th Cir. 1997) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). The moving party need not negate the opponent's claim with affidavits or similar materials, as Rule 56 makes such supporting documentation optional. *Celotex*, 477 U.S. at 323; *see* Fed. R. Civ. P. 56 (a), (b), (c) (2003) ("the affidavits, if any," and "with or without supporting affidavits"). The moving party is entitled to summary judgment if the nonmoving party fails to make a sufficient showing on an essential element of the case upon which it has the burden of proof. *Id.* at 322.

Plaintiff has filed a motion for summary judgment pursuant to Federal Rule of

Civil Procedure 56(b). Plaintiff asserts that there is no genuine issue as to any material fact and summary judgment should be granted as a matter of law. Plaintiff argues that Frontier had a legally binding obligation under a land acquisition bond to pay Mountain Funding, as obligee, for damages sustained due to a breach of the Land Purchase Agreement between Round Lake and United Homes. Plaintiff argues that such a breach occurred, payment is due under the bond, and Frontier has failed to make any payment.

There are four main factual areas in dispute that preclude this Court from entering summary judgment in favor of Mountain Funding: (1) whether material factual misrepresentations and omissions were made on the part of Mountain Funding while obtaining the bond which, as an affirmative defense, void the obligation; (2) whether Frontier fulfilled its duty to investigate in bonding the Lot Purchase Agreement; (3) whether Mountain Funding had an obligation to disclose facts concerning its past dealings with Round Lake; and (4) the appropriate calculation of damages.

This case concerns a standard contract for surety in the state of Illinois. Surety concerns a promise to perform the obligations of another in the event that that person fails to perform as required by his contract. *Vee See Constr. Co., Inc. v. Luckett*, 430 N.E.2d 91, 93 (Ill. App. Ct. 1981). When a bond guarantees the performance by the principal, the obligation of the principal legally becomes the obligation of the surety. *Fisher v. Fid. & Deposit Co. of Maryland*, 466 N.E.2d 332, 338 (Ill. App. Ct. 1984).

In this case, the bond was issued by Frontier and a default occurred when United Homes failed to purchase lots from Round Lake according to the fixed schedule in the 1999 workout agreement between Round Lake and Mountain Funding. This is all that is undisputed in this case, leaving facts concerning several essential elements of the case in

dispute.

Frontier has brought forth the affirmative defenses of misrepresentation, concealment, estoppel, and unclean hands. The only argument found in defendant's brief concerns concealment. "Where before the surety has undertaken his obligation the creditor knows facts unknown to the surety that materially increase the risk beyond that which the creditor has reason to believe the surety intends to assume, and the creditor also has reason to believe that these facts are unknown to the surety and has a reasonable opportunity to communicate them to the surety, failure of the creditor to notify the surety of such facts is a defense to the surety." RESTATEMENT OF SECURITY § 124(1). This rule has been cited and applied by Illinois courts. *See, e.g., McLean County Bank v. Brokaw*, 519 N.E.2d 453, 458 (Ill. 1988); *Magna Bank of Madison County v. Jameson*, 604 N.E. 2d 541, 545 (Ill. App. Ct. 1992). Further, the surety may avail itself of this defense in a suit brought by the obligee. *See, e.g., Plant Process Equip., Inc. v. Cont'l Carbonic Prods., Inc.*, No. 87 C 193, 1994 WL 201218, at *2-6 (N.D. Ill. May 17, 1994) ("The rationale for applying [Restatement of Security § 124] in a situation where the creditor (rather than the debtor) solicits a surety is that the surety may not acquire all material information from the debtor.")

To avail itself of this defense, Frontier must establish: "(1) that [Mountain Funding] knew facts unknown to [Frontier] that materially increased the risk beyond that which [Frontier] had reason to believe the sureties intended to assume, (2) that [Mountain Funding] had reason to believe that those facts were unknown to [Frontier], and (3) that [Mountain Funding] had a reasonable opportunity to communicate those facts to [Frontier]." *Plant Process Equip.*, 1994 WL 201218, at *13. The Court addresses each

element in turn.

First, the Court finds that there is a genuine issue as to a material fact as to whether Mountain Funding's knowledge as to certain facts (of which Frontier was unaware) materially increased the risk beyond that which Frontier intended to assume. These facts include: (1) the existence of the 1997 agreement between Mountain Funding and Round Lake that was in default, (2) an attempt to secure additional funding in order to purchase Mountain Funding's interest in the project was represented but never completed, (3) the amount of Mountain Funding's investment in the project, and (4) the unique related nature of all of the entities involved in the project. A reasonable jury could find that any of these facts would have materially increased Frontier's risk. Whether these facts would have made a crucial difference in Frontier's calculation of risk is a disputed factual issue at this point and must be resolved by the trier of fact.

With regard to the second and third elements, Frontier has raised a disputed issue as to whether Mountain Funding had reason to believe that such facts were unknown to Frontier and that Mountain Funding had ample opportunity to communicate the facts to Frontier. Frontier has provided evidence that Frontier was never told about United Homes default on the original lot purchase agreement or about Round Lake's default on the original loan agreement. Frontier states that both Mountain Funding and United Homes withheld material information concerning the parties' relationship and past dealings with regard to the bonded agreement and prior loan activity. Frontier also states that the Mountain Funding and United Homes knew that Frontier was unaware of such facts and never disclosed them during any of their dealings over the course of five months.

7

Mountain Funding argues that as an obligee, it had no duty to disclose such information. Mountain Funding relies on a surety's duty to investigate risks and take the initiative to inquire about information the surety deems important. *Cont'l Bank N.A. v. Everett*, 760 F. Supp. 713, 718 (N.D. Ill. 1991, *aff'd*, 964 F.2d 701 (7th Cir. 1992); *St. Charles Nat'l Bank v. Ford*, 349 N.E.2d 430, 434 (Ill. App. Ct. 1976) (obligee must act in good faith, but surety has no right to rely on the obligee to supply information and must inquire himself). However, Frontier argues that Mountain Funding and United Homes schemed to conceal information concerning their unique relationship and the nature and structure of the land acquisition deal when negotiating the bond agreement, in violation of Mountain Funding's duty to disclose.

In order to prove fraud by the intentional concealment of a material fact, it is necessary to show the existence of a special or fiduciary relationship, which would raise a duty to speak. *Magna Bank of Madison County v. Jameson*, 604 N.E.2d 541, 544 (Ill. App. Ct. 1992). This fiduciary relationship does not presumptively exist, but can exist between a guarantor and creditor under certain circumstances. *Id.* The burden of proving such a relationship lies with the party seeking relief, in this case, Frontier. *Farmer City State Bank v. Guingrich*, 487 N.E.2d 758, 763 (Ill. App. Ct. 1985). This fiduciary relationship may be found through the following factors: degree of kinship, age disparity, health, mental condition, education, business experience between parties, and extent of reliance. *Magna Bank*, 604 N.E.2d at 544.

Only one of these factors, but a prominent one, may be present in this case - the extent of Frontier's reliance, which was high, due to the undisclosed relatedness of the parties and prior dealings between Mountain Funding, Round Lake, and United Homes in

8

their attempt to secure the bond. This factor weighs in favor of finding a duty to disclose. Viewing all of the facts in the record in Frontier's favor, the Court finds that it would be inappropriate to grant Mountain Funding's motion for summary judgment with regard to its argument that it had absolutely no duty to disclose the unknown facts to Frontier.

Mountain Funding argues that Frontier did not fulfill its duty as a surety to investigate. Again though, Frontier alleges that the related nature of the parties and the active role of Mountain Funding in procuring the bond frustrated Frontier's ability to investigate and conferred upon Mountain Funding a duty to disclose such facts. Based on the record before the Court, a reasonable jury could find that the ability of Mountain Funding, Round Lake, and United Homes to work together to omit and conceal information in this case was great and frustrated the ability of Frontier to investigate into the matter. Frontier has met its burden of bringing forth disputed material facts that preclude the Court's granting of Mountain Funding's summary judgment motion. The disputed issues of whether (1) Frontier fulfilled its duty to investigate the underlying history of the parties and terms of the agreements; (2) whether Mountain Funding had the duty to disclose certain facts; and (3) whether the facts unknown to Frontier would materially increase its risk cannot be resolved on summary judgment.

The parties also dispute whether Mountain Funding suffered damages at all, the amount of damages – if any – applicable in this case, the method of calculating such damages, and what is the underlying basis for the damages. Frontier argues that the Round Lake obligation to Mountain Funding has been repaid through the course of selling the lots to another purchaser in an amount well in excess of that needed to repay the loan made by Mountain Funding. Mountain Funding claims that this has not

9

occurred and they are still owed over $5 million in damages pursuant to the bond. Again, viewing all facts in the light most favorable to Frontier, the issue of damages is well in disputed and cannot be resolved on summary judgment.

## CONCLUSION

For the above reasons, the Court denies plaintiff's motion for summary judgment [doc. no. 24-1].

**SO ORDERED**  **ENTER:** 9/18/03

*/s/ Ronald A. Guzman*
**HON. RONALD A. GUZMAN**
**United States Judge**