# United States District Court, Northern District of Illinois

# ORIGINAL

| Name of Assigned Judge or Magistrate Judge | Morton Denlow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 2785 | **DATE** | 8/9/2004 |
| **CASE TITLE** | Mountain Funding, Inc. vs. Frontier Insurance Co. | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1)  ☐   Filed motion of [ use listing in "Motion" box above.]

(2)  ☐   Brief in support of motion due _____.

(3)  ☐   Answer brief to motion due_____. Reply to answer brief due_____.

(4)  ☐   Ruling/Hearing on _____ set for _____ at _____.

(5)  ☐   Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6)  ☐   Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7)  ☐   Trial[set for/re-set for] on _____ at _____.

(8)  ☐   [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9)  ☐   This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10)  ■   [Other docket entry]   Enter Memorandum Opinion and Order. Defendant's motion to stay proceedings [71-1] is granted. Status hearing set for 2/10/05 at 10:00 a.m.

(11)  ■   [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | AUG 1 0 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT | 8/9/2004 | |
| DK | courtroom deputy's initials | 2004 AUG -9 PM 7:19 | date mailed notice | |
| | | Date/time received in central Clerk's Office | DK6 mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| MOUNTAIN FUNDING, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 01 C 2785 |
| | ) | |
| v. | ) | |
| | ) | |
| FRONTIER INSURANCE CO., | ) | Magistrate Judge Morton Denlow |
| | ) | |
| Defendant. | ) | |

DOCKETED AUG 1 0 2004

## MEMORANDUM OPINION AND ORDER

This case comes before this Court on a motion by Frontier Insurance Co. ("Frontier" or "Defendant") to stay this proceeding in favor of a New York state court insurance rehabilitation proceeding that is adjudicating all claims – including a claim from Mountain Funding, Inc. ("Plaintiff") – against Defendant. *See In the Matter of the Rehabilitation of Frontier Ins. Co.*, No. 1357/03 (N.Y. Sup. Ct. order dated May 10, 2004). For the reasons set forth below, Defendant's motion to stay is granted.

## I. BACKGROUND FACTS

The facts of this case have been recited in great detail in Judge Ronald A. Guzman's opinion in *Mountain Funding, Inc. v. Frontier Insurance Co.*, No. 01 C 2785, 2003 U.S. Dist. LEXIS 11274 (N.D. Ill. June 30, 2003). Therefore, what follows are the facts materially pertinent to a decision on Defendant's motion to stay proceedings, which is now before the Court.

## A.     PROCEEDINGS BEFORE JUDGE GUZMAN

On November 29, 2000, Plaintiff filed this lawsuit in the Superior Court of New Jersey as a result of Defendant's alleged failure to pay on a surety bond issued by Defendant. Defendant then removed this case to federal district court in New Jersey. Subsequently, the case was transferred to the Northern District of Illinois and assigned to Judge Guzman.

On August 25, 2001, the Superintendent of Insurance for the State of New York filed a rehabilitation proceeding against Defendant in the Supreme Court of New York. *In the Matter of the Application of Gregory V. Serio*, No. 405090/01 (N.Y. Sup. Ct. order dated Oct. 10, 2001). The New York rehabilitation court entered an order enjoining and restraining any person from commencing or prosecuting lawsuits or proceedings against Defendant for 180 days. Pursuant to that order, Defendant moved Judge Guzman to stay these proceedings, which he did on November 13, 2001. Six months later, Judge Guzman accepted briefs and heard oral arguments on the issue of continuing the stay indefinitely, which he declined to do; on May 15, 2002, Judge Guzman lifted the Stay of Proceedings and permitted discovery to proceed.

Defendant then filed a motion to reconsider the May 15, 2002 order lifting the Stay of Proceedings. Defendant argued that the district court should abstain from this action because New York's rehabilitation court is the proper court to handle Plaintiff's underlying surety bond dispute because the court stands in a "special relationship" with the facts and issues involved in the case. However, on June 30, 2003, Judge Guzman denied the motion

to reconsider. *Mountain Funding, Inc.*, No. 01 C 2785, 2003 U.S. Dist. LEXIS 11274, at *15 (N.D. Ill. June 30, 2003). Judge Guzman explained that abstention is the exception to the norm in federal court and that Defendant failed to establish that the New York rehabilitation court stands in a "special relationship" with the facts and issues involved in this case. *Id.* at *14. Judge Guzman further noted that "there is an absence of information concerning the nature of the [New York rehabilitation] proceedings, what types of claims are being litigated, and a schedule for the completion of rehabilitation." *Id.* The parties then consented to have this case tried before this Court pursuant to 28 U.S.C. § 636(c)(1). The case then proceeded to the verge of trial before Defendant brought this motion for a stay, claiming that the concerns raised by Judge Guzman now have been addressed and resolved by an order entered by the New York rehabilitation court.

## B. NEW YORK REHABILITATION PROCEEDINGS

On May 10, 2004, the New York rehabilitation court entered a formal order approving an interim procedure for judicial review of the rehabilitation proceedings for adjudication of claims. *In the Matter of the Rehabilitation of Frontier Ins. Co.*, No. 1357/03 (N.Y. Sup. Ct. order dated May 10, 2004). The purpose of the rehabilitation proceedings is to facilitate judicial review of Frontier's claimants, to expedite the resolution of such claims, to prevent the unnecessary expenditure of assets, and to provide a fair, equitable, and unified procedure for all claimants of Frontier. *See* Def. Mot. to Stay, Ex. B1, at 6. "The procedure will enable the Rehabilitator to dispose of surety claims, which would not be covered by the majority of

3

Guaranty Associations, and other claims as the Court deems appropriate . . . while offering

due process to all claimants who object to his recommendations." Def. Mot. to Stay, Ex. B2,

at 2.

The rehabilitator will examine each claimant's claim and make a determination

regarding that claim, which will act as a recommendation to the claimant. *Id.* The

rehabilitator then must serve the claimant a "Notice of Determination" for each claim, which

advises the claimant of the recommendation amount. *Id.* The claimant may object to the

amount by serving a written objection upon the rehabilitator within sixty days. *Id.* The

rehabilitator must contact the claimant and attempt to resolve any objection. *Id.* at 3. In the

event the objection is not resolved, the matter is referred to a court-appointed referee who

hears the claimant's objection and reports on its validity. *Id.* Upon the issuance of the

referee's report, either the claimant or the rehabilitator may petition the court for an order

confirming the report. *Id.* In the event that no objection is received, the rehabilitator shall

make an *ex parte* motion no earlier than seventy-five days after the date of the Notice of

Determination for an order approving and confirming the adjudications of the claim. *Id.*

As a result of the new information detailed in the May 10, 2004 order, Defendant filed

the present Motion to Stay Proceedings under the principles of abstention, arguing that this

Court now has enough information to conclude that the New York rehabilitation court is in

a special relationship of technical oversight or concentrated review of Plaintiff's claims.

## II. LEGAL STANDARD

Abstention principles can be raised and revisited at any time during a proceeding. *Prop. & Cas. Ins. Ltd. v. Cent. Nat'l Ins. Co. of Omaha*, 936 F.2d 319, 321 (7 th Cir. 1991). There are three accepted abstention doctrines that can be applied depending on the underlying facts of the federal case at issue. *See Colorado River Conservation Dist. v. United States*, 424 U.S. 800 (1976); *Younger v. Harris*, 401 U.S. 37 (1971); *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943). The principles espoused by the United States Supreme Court in *Burford v. Sun Oil* provide the analytical framework within which to decide whether abstention in favor of the state rehabilitation proceedings is appropriate in this case.

In *Burford*, the Supreme Court determined that a federal court's abstention is appropriate when judicial review in the designated state forum is "expeditious and adequate," in order to avoid review in the federal courts that could cause "delay, misunderstanding of local law and federal conflict with state policy." 319 U.S. at 327-34. Additionally, the Supreme Court held that federal courts could give rise to "intolerable confusion" that a specialized state forum seeks to avoid. *Id.*

Subsequently, the Seventh Circuit has interpreted *Burford* to hold that abstention is appropriate in two circumstances. *Prop. & Cas. Ins. Ltd.*, 936 F.2d at 322. First, courts should abstain from deciding "difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the present case." *Id.* Second, courts should abstain from deciding cases where the review would be "disruptive

5

of state efforts to establish a coherent policy with respect to a matter of substantial public concern." *Id.*

## III. DISCUSSION

In this case, the Court first must determine if either of the two *Burford* circumstances are present. It is clear that there is no "difficult question of state law" present, as this case involves a surety bond dispute to which well-established legal principles apply. Consequently, the first *Burford* circumstance is not present. However, the second *Burford* circumstance is present. State insurance rehabilitation proceedings are important state efforts and are of great public concern. *See generally Prop. & Cas. Ins. Ltd.*, 936 F.2d at 319; *Hartford Cas. Ins. Co. v. Borg-Warner Corp.*, 913 F.2d 419 (7th Cir. 1990). Pursuant to the McCarran-Ferguson Act, 15 U.S.C. §§ 1011-1015, states have a great interest in maintaining a uniform insurance rehabilitation process and have assumed primary responsibility for regulating the insurance industry. *Hartford*, 913 F.2d at 426. As a result, the New York rehabilitation process is a "matter of substantial public concern" and therefore abstention may be appropriate in this case. *See Prop. & Cas. Ins. Ltd.*, 936 F.2d at 322.

This abstention inquiry arises because federal court review may disrupt a New York State's efforts to establish a coherent public policy. Therefore, two essential elements are necessary for this Court to abstain. *Prop. & Cas. Ins. Ltd.*, 936 F.2d at 323. First, the state must offer some forum in which claims may be litigated. *Id.* Second, that forum must be "special – it must stand in a special relationship of technical oversight or concentrated review

to the evaluation of those claims." *Id.* There is no dispute that New York has provided a state forum in which Plaintiff's claims may be litigated. As a result, the issue in this case is whether the New York rehabilitation proceeding has a special relationship of technical oversight or concentrated review to evaluate Plaintiff's claims.

The Seventh Circuit addressed this issue in the factually similar case, *Property & Casualty Insurance, Ltd. v. Central National Insurance Co. of Omaha*, 936 F.2d 319 (7th Cir. 1991). In that case, Property & Casualty Insurance, Ltd. ("PCIL") filed a complaint against Central National Insurance Co. ("Central National") because of a contract dispute regarding a reinsurance agreement. *Id.* at 320. The parties had conducted significant amounts of discovery and had filed cross-motions for summary judgment when Nebraska's director of insurance placed Central National into rehabilitation. *Id.* The Nebraska rehabilitator petitioned the district court to either stay or dismiss the district court case, and the district court held that the principles announced in *Burford* required abstention. *Id.* PCIL appealed. *Id.* at 320.

On appeal, the Seventh Circuit could not determine if the rehabilitator commenced the type of proceeding that warranted abstention under *Burford*. *Id.* There was no indication that the rehabilitator attempted to commence a proceeding in any special relationship of technical oversight or concentrated review to the evaluation of creditor claims against Central National. *Id.* The Seventh Circuit then investigated the possible types of rehabilitation proceedings available to Central National and found that there were three possible types of

rehabilitation proceedings available, noting three examples to help determine what types of

rehabilitation proceedings warranted abstention:

> [The rehabilitation of Insurer] A may involve nothing more than a change in management. The rehabilitation of Insurer B may involve nothing more than a merger with another insurer to take advantage of needed economies of scale. The rehabilitation of Insurer C may involve, by itself or in combination with some other response, a specialized claims proceeding for the purpose of centrally and uniformly resolving the claims of Central National's creditors. All of these actions are classified as 'rehabilitation proceedings,' yet not all of them involve a specialized proceeding; only the rehabilitation of Insurer C implicates *Burford*.

*Id.* at 320, 324. The Seventh Circuit held that the record contained no plan of rehabilitation

and that the rehabilitator openly expressed uncertainty as to how Central National's

rehabilitation would progress. *Id.* at 325. The court further noted that the rehabilitator may

be gathering Central National's creditors in one forum to litigate their claims with uniformity,

but there was no such evidence contained on that record. *Id.* at 326. As a result, the Seventh

Circuit remanded the case to the district court to determine if the Nebraska forum involved

the type of specialized proceeding that warranted abstention. *Id.*

On June 30, 2003, Judge Guzman shared the same concerns as the Seventh Circuit

when he denied Defendant's motion to reconsider the May 15, 2002 order lifting the stay of

proceedings in this case. He lacked sufficient information to determine whether the New

York rehabilitation proceedings were in a special relationship of technical oversight or

concentrated review that would warrant abstention under *Burford*. However, with the new

information set forth in the May 10, 2004 New York Supreme Court order regarding the rehabilitation court, this Court now knows exactly what type of rehabilitation proceedings the New York court employs and is in a better position to determine if those proceedings are in a special relationship of technical oversight or concentrated review.

After a review of the New York rehabilitation proceedings, it is clear that those proceedings are identical to the rehabilitation of "Insurer C" in *Property & Casualty Insurance Ltd.* and therefore satisfies the *Burford* requirements. The New York rehabilitation proceedings clearly are in a special relationship of concentrated review of Plaintiff's surety bond claim, as their purpose is to facilitate judicial review of all of Frontier's claimants, to expedite the resolution of such claims, to prevent the unnecessary expenditure of assets, and to provide a fair, equitable and unified procedure for all claimants of Frontier. *See* Def. Mot. to Stay, Ex. B1.

It is important to note also that the New York rehabilitation court is adjudicating thousands of claims made against Defendant, many of which are similar to Plaintiff's surety bond claims alleged in this lawsuit. At the inception of the New York rehabilitation proceedings, Defendant's records showed more than 12,000 open unresolved claims, with estimated indemnity loses of more than $475 million and estimated loss adjustment expenses of more than $60 million. *See id.* Furthermore, "open surety claim counts at the inception of the proceeding were approximately 2,400 with estimated surety indemnity and loss adjustment reserves of approximately $55 million." *Id.* This detailed and uniformed

proceeding is exactly what the Seventh Circuit in *Property & Casualty Insurance Ltd.* found

would satisfy the *Burford* requirements.

Additionally, this case invokes important policy considerations that support

abstention. As noted in *Hartford Casualty Insurance Co. v. Borg-Warner Corp.*, 913 F.2d

at 426, the importance of state policies at issue go far beyond the present litigation.

Mountain Funding should not be able to jump ahead of Frontier's other creditors because this

litigation is outside the New York rehabilitation proceeding and must not be able to set a

precedent for other claimants to do the same. Additionally, both this Court and the New

York rehabilitation proceeding are faced with the same surety bond dispute. The possibility

of inconsistent decisions between this Court and the New York rehabilitation proceeding

could lead to confusion. Furthermore, allowing this case to proceed would lead to a system

where the state of New York would not control the ultimate distribution to Frontier's

creditors. *Id.* This type of federal usurpation would be inconsistent with the McCarren-

Ferguson Act and general notions of comity. *Id.*

Additionally, Frontier has been defending similar litigation in the Northern District

of Illinois in *Mallon v. Frontier Insurance Co.*, case number 01 C 2556. After New York's

May 10, 2004 order, Frontier filed a Motion to Stay Proceedings in the *Mallon* case. On July

16, 2004, Judge Harry D. Leinenweber stayed the proceedings because the procedure

outlined by the Supreme Court of New York comported with the abstention requirements as

set out in *Burford v. Sun Oil* Co., 319 U.S. 315 (1943), and *Property & Casualty Insurance*

*Ltd. v. Central National Insurance Co. of Omaha*, 936 F.2d 319 (7th Cir. 1991). *Mallon v.*

*Frontier Insurance Co.*, No. 01 C 2556 (N.D. Ill. minute order dated July 16, 2004).

## IV. CONCLUSION

For the above stated reasons, **Defendant's Motion to Stay Proceedings is granted.**

**SO ORDERED THIS 9th DAY OF AUGUST, 2004.**

_____
**MORTON DENLOW**
**UNITED STATES MAGISTRATE JUDGE**

**Copies mailed to:**

Howard L. Teplinsky
Seidler & McErlean
One North Wacker Dr.,
Suite 4125
Chicago, IL 60606

Counsel for Plaintiff

Cornelius F. Riordan
Michael Palermo, Jr.
Riordan, Donnelly, Lipinsky & McKee, Ltd.
10 N. Dearborn Street, Fourth Floor
Chicago, IL 60602

Counsel for Defendant